# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANFORD D. JONES, | CASE NO. 1:07-cv-01498-OWW DLB PC |
| Plaintiff, | ORDER GRANTING MOTION CONSTRUED AS MOTION FOR RECONSIDERATION |
| v. | (Doc. 10) |
| DEE SHAFER, et al., | ORDER STAYING ACTION PENDING COMPLETION OF STATE PROCEEDINGS |
| Defendants. | |

**Order**

**I.    Background**

Plaintiff Sanford D. Jones ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff, a civil detainee at Coalinga State Hospital in Coalinga, California, filed this action on October 15, 2007. On November 6, 2008, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. (Doc. 7.) Plaintiff filed a First Amended Complaint, filed December 9, 2008, which was also dismissed by the Court on June 24, 2009, again with leave to amend. (Docs. 8, 9.)

Pending before the Court is Plaintiff's motion requesting that the Court vacate its screening order of Plaintiff's First Amended Complaint. (Doc. 10.) In his motion, Plaintiff states that he is a not a prisoner, and objects to the Court's screening order because it references decisions involving prisoner civil rights issues. Plaintiff also contends that his Due Process and Equal Protection rights are not barred as a matter of law by the favorable termination rule of Heck v. Humphrey, 512 U.S.

1

477 (1994). Plaintiff contends that he has yet to be civilly committed. Thus, Plaintiff is "entitled to protections at least as great as those afforded to a civilly committed individual and at least as great as those afforded to an individual accused but not convicted of a crime." Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004). The Ninth Circuit has held that Heck applies in the context of civil commitment proceedings. Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1140-41 (9th Cir. 2005).

The Court will grant Plaintiff's motion to vacate the June 24, 2009 order dismissing Plaintiff's first amended complaint with leave to amend. Plaintiff has not been civilly committed and thus Heck and Huftile do not apply. The Court issues the following order.

## II. Summary of First Amended Complaint

Plaintiff alleges that pursuant to the Sexually Violent Predators Act ("SVPA") he is to be released from confinement if he does not suffer from a mental abnormality rendering him unable to control his dangerousness. Plaintiff alleges a claim for relief against staff psychologist Dee Shafer, social worker Michael Themins, and social worker Tim Jones for violation of his rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution "by their falsification of the records and files of Coalinga State Hospital to perpetuate his involuntary confinement therein." Plaintiff also alleges retaliation by Defendants Jones and Shafer. (Doc. 8, First Am. Compl.) Based on the submitted evidence, Plaintiff's action is premised on his allegedly inappropriate diagnosis, which provides the basis for his retention subsequent to expiration of his prison sentence and parole, but prior to a trial determining whether he will be civilly committed as a SVP. Thus, as of the date Plaintiff filed this action, he had not yet been found to be a SVP.

This Court must abstain from any ongoing state court proceedings. The federal courts have an enduring obligation to exercise jurisdiction over all cases properly before them. However, pursuant to 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction or stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." Subject to few exceptions, state courts must be permitted to try state cases free from interference by federal courts. Younger v. Harris, 401 U.S. 37, 43 (1971). When federal courts are asked to enjoin pending state court

proceedings, "the normal thing to do . . . is not to issue such injunctions." Id. at 44. This concept of non-interference by federal courts in state court proceedings is known as the Younger abstention doctrine.

The Supreme Court has explained that the fundamental policy reason for the doctrine of abstention is "comity," that is, "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." Id. Also foundational is "the basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." Id. at 43. Under our Constitution, the abstention doctrine is important "in order to prevent erosion of the role of the jury and avoid a duplication of legal proceedings and legal sanctions where a single suit would be adequate to protect the rights asserted." Id. at 44. For these reasons, courts of equity are restrained from interfering with criminal prosecutions. Since the action is "in aid of or closely related to" a criminal statute, to wit, California's SVPA, the state is a party, and an important state enforcement policy - protection of the public from sexually violent predators - is at stake, the Younger doctrine necessarily applies. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Huffman v. Pursue, 420 U.S. 592, 603 (1975); Moore v. Sims, 442 U.S. 415, 423 (1979).

Furthermore, because state civil proceedings are judicial in nature, implicate important state interests, and afford Plaintiff an adequate opportunity to litigate his federal claims, the Court will dismiss Plaintiff's declaratory and injunctive relief claims so as not to interfere with ongoing state proceedings. See Gilbertson v. Albright, 381 F.3d 965, 975 (9th Cir. 2004) (en banc) (outlining circumstances under which Younger v. Harris, 401 U.S. 37 (1971), is appropriate). The Court will stay Plaintiff's claims for money damages until the state court proceedings are completed. See id. ("[W]hen damages are sought and Younger principles apply, it makes sense for the federal court to refrain from exercising jurisdiction temporarily by staying its hand until such time as the state proceeding is no longer pending." (italics omitted)).

III. **Conclusion and Order**

Based on the foregoing, the Court HEREBY ORDERS the following:

1. Plaintiff's motion, construed as a motion for reconsideration, filed June 30, 2009, is GRANTED;
2. The Court's June 24, 2009 order is VACATED;
3. Plaintiff's claims for declaratory and injunctive relief are DISMISSED; and
4. Plaintiff's claim for money damages is STAYED pending the completion of the state civil commitment proceedings. Because Plaintiff is the only party to have appeared in this action, it is Plaintiff's responsibility to notify the Court when the state civil commitment proceedings are completed for the stay to be lifted.

IT IS SO ORDERED.

Dated: **February 9, 2010**          **/s/ Dennis L. Beck**
                                     UNITED STATES MAGISTRATE JUDGE