# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANFORD D. JONES,<br><br>             Plaintiff,<br><br>    v.<br><br>DEE SHAFER, et al.,<br><br>             Defendants.<br>                                     / | CASE NO. 1:07-CV-01498-LJO-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION WITHOUT PREJUDICE<br><br>(DOC. 14)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

       Plaintiff Sanford D. Jones ("Plaintiff") is a civil detainee in the custody of the California Department of Mental Health. Plaintiff is civilly detained pursuant to California's Sexually Violent Predators Act ("SVPA"). Cal. Welf. & Inst. Code § 6600. On February 10, 2010, the Court granted a stay of the proceeding pending completion of Plaintiff's SVPA state civil commitment proceedings. Doc. 11. On December 6, 2011, the Court ordered Plaintiff to update the Court as to the status of his SVPA proceedings, within thirty days. Doc. 17. As of the date of these Findings and Recommendations, Plaintiff did not respond to the Court's order.

       Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with

local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. This case has been pending since October 15, 2007. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West,* 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The court's order expressly stated: "Failure to respond to this order may result in recommendation of dismissal of this action." Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED without prejudice for failure to obey the Court's December 6, 2011 order.

1  These Findings and Recommendations will be submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen**
3  **(14) days** after being served with these Findings and Recommendations, Plaintiff may file
4  written objections with the Court.  The document should be captioned "Objections to Magistrate
5  Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections
6  within the specified time may waive the right to appeal the District Court's order.  *Martinez v.*
7  *Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

   IT IS SO ORDERED.

   Dated:   **January 26, 2012**              /s/ **Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE