# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANFORD D. JONES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DEE SHAFER, et al.,<br><br>　　　　Defendants. | Case No. 1:07-cv-01498-LJO-DLB PC<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF No. 8)**<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

**I.  Background**

　　Plaintiff Sanford D. Jones ("Plaintiff") is proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983.  Plaintiff was formerly detained and in the custody of the California Department of Mental Health pursuant to California's Sexually Violent Predator Act ("SVPA").  Plaintiff initiated this action on October 15, 2007.  Plaintiff had not yet been civilly committed at the time of the filing of this action. On February 10, 2010, the Court stayed this action as to Plaintiff's claims for monetary relief, pending the outcome of Plaintiff's state civil commitment proceedings. On July 2, 2012, Plaintiff filed notice with the Court that the state civil commitment proceedings in this action had concluded, and Plaintiff had been released from custody.  Pending before the Court is Plaintiff's first amended complaint, filed December 9, 2008.  ECF No. 8.

　　Notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court

1

shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.   Summary of Amended Complaint

Plaintiff was previously detained at Coalinga State Hospital ("CSH") in Coalinga, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: Dee Shafer, staff psychologist at CSH; Michael Themins, staff social worker at CSH; Tim Jones, staff social worker at CSH; and Does 1 through 25.

Plaintiff alleges the following. Under the SVPA, Plaintiff, and all other CSH residents, may be held in confinement by a current mental diagnosis. Pl.'s Am. Compl. ¶ 9. On May 1, 2007, Defendant Shafer interviewed Plaintiff for a wellness and recovery team ("WRT") meeting, to update the DMH's integrated psychological assessment. *Id.* ¶ 12. Plaintiff asked Defendant what recent behaviors justified the official diagnosis previously made by Charles W. Jackson, Ph. D., to support the allegation of current dangerousness against Plaintiff. *Id.* ¶ 13. Defendant Shafer refused to respond to Plaintiff's question and verbally attacked him for questioning her. *Id.* Charles Jackson was discredited as a DMH evaluator for lacking the required credentials to provide SVPA mental health evaluations. *Id.* at 3 n.2.

On May 2, 2007, during the WRT meeting, Plaintiff again questioned what recent objective indicia justified a diagnosis of current dangerousness to support Plaintiff's continued detention at CSH. *Id.* ¶ 14. Defendants Shafer and Themins refused responsibility for developing an updated diagnosis for Plaintiff, citing to the evaluating mental health professional (Charles Jackson), and that it is for the courts to decide Plaintiff's detention at CSH. *Id.* ¶ 15. Plaintiff contends that other

residents of the four state hospitals run by the DMH regularly receive clinically justifiable current diagnoses. *Id.* ¶ 16.

Plaintiff offered to the WRP team a citation from a case, *People v. Buffington*, 74 Cal. App. 4th 1149, 1161 (1999), which purported held that current psychological symptoms are needed to establish a person is a SVP. *Id.* ¶ 17. Defendants Shafer and Themins refused to accept Plaintiff's input. *Id.* ¶ 18. Defendant Shafer stated in Plaintiff's WRT report that Plaintiff refused to answer questions. *Id.* ¶ 19. Plaintiff then stated to Defendants that if they were unwilling to note any of Plaintiff's input, Plaintiff did not need to be present at the WRP meeting. *Id.* ¶ 20. Defendant Themins threatened to revoke Plaintiff's rights if Plaintiff left the room. *Id.* ¶ 21. Plaintiff remained, but did not take his seat. *Id.* ¶ 22.

Plaintiff's 60-day WRP team meeting was held on June 4, 2007. *Id.* ¶ 23. Plaintiff did not attend, instead submitting a written demand through Defendant Tim Jones that he be treated fairly, and he would not attend WRP team meeting so long as Defendant Shafer was in charge. *Id.* In response to the demand, Defendants Shafer and Jones reduced Plaintiff's privilege level to Level 1, which meant no movement without staff escort. *Id.* ¶ 24. Defendants' own guidelines, however, prohibits a reduction of Plaintiff's privilege levels lower than Level 2 for not attending team meeting. *Id.* Plaintiff had not been civilly committed as a SVP at the time he initiated this action. Pl.'s Mot., ECF No. 10. As of June 25, 2012, state civil commitment proceedings against Plaintiff ended. Notice, ECF No. 21.

Plaintiff alleges a violation of his First Amendment right of freedom of association, Fourteenth Amendment right of due process, and Fourteenth Amendment right of equal protection under the law. Plaintiff requests as relief monetary damages.[1]

### III. Analysis

#### A. First Amendment retaliation

Plaintiff alleges that Defendants Shafer and Jones retaliated against Plaintiff for seeking to exercise his right of freedom of association by refusing to attend WRP meetings. In order to

---

[1] Plaintiff had also requested injunctive and declaratory relief. Those claims for relief should be dismissed pursuant to *Gilbertson v. Albright*, 381 F.3d 965, 975 (9th Cir. 2004) (en banc) (outlining when *Younger v. Harris*, 401 U.S. 37 (1971) principles of abstaining from state proceedings apply).

3

demonstrate a First Amendment violation, a citizen plaintiff must provide evidence showing that "by his actions [the defendant] deterred or chilled [the plaintiff's] [First Amendment conduct] and such deterrence was a substantial or motivating factor in [the defendant's] conduct." *Mendocino Env'l Ctr. v. Mendocino County*, 192 F.3d 1289, 1289 (9th Cir. 1999) (quotation marks omitted).  The right that Plaintiff asserts was the right of freedom of association.

"The First Amendment, while not expressly containing a 'right of association,' does protect 'certain intimate human relationships,' as well as the right to associate for the purpose of engaging in those expressive activities otherwise protected by the Constitution." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1188 (9th Cir. 1995) (citing *Roberts v. U.S. Jaycees*, 468 U.S. 609, 617-18 (1984)). Plaintiff makes no allegation which demonstrates that his freedom of association right involved either intimate or expressive association. Thus, there was no First Amendment conduct. Plaintiff fails to state a claim for First Amendment retaliation.

**B. <u>Due Process</u>**

Plaintiff alleges that Defendant Shafer and Themins were responsible for providing a current diagnosis to support Plaintiff's continued detention at CSH. The Court construes the claim as one for due process. However, Plaintiff has failed to allege facts which indicate that any Defendants are responsible for providing a current diagnosis for Plaintiff's referral to the DMH. Based on section 6601(d) of the Welfare and Institutions Code, persons such as Plaintiff would be evaluated by two of either practicing psychiatrists or psychologists, designated by the DMH as independent professionals. If both evaluators concurred that such a person had a diagnosed mental disorder, the DMH would then forward a request for petition for commitment under section 6602 to the designated county. *Id.* Any independent professional designated by the Director of Corrections or the Director of Mental Health shall not be a state government employee. *Id.* § 6601(g). Here, Defendants Shafer and Themins are not involved in the process of evaluating Plaintiff for commitment purposes. Defendants Shafer and Themins appear to be state government employees, not independent professionals. The initial referral from the California Department of Corrections and Rehabilitation to the DMH is done as follows:

> The person shall be screened by the Department of Corrections and Rehabilitation
> and the Board of Parole Hearings based on whether the person has committed a

>sexually violent predatory offense and on a review of the person's social, criminal, and institutional history. This screening shall be conducted in accordance with a structured screening instrument developed and updated by the State Department of State Hospitals in consultation with the Department of Corrections and Rehabilitation. If as a result of this screening it is determined that the person is likely to be a sexually violent predator, the Department of Corrections and Rehabilitation shall refer the person to the State Department of State Hospitals for a full evaluation of whether the person meets the criteria in Section 6600.

Cal. Welf. & Inst. Code § 6601(b).

Again, Plaintiff fails to allege facts which indicate that Defendants Shafer and Themins were responsible for Plaintiff's referral from CDCR to DMH. Based on their alleged conduct, Defendants Shafer and Themins are not responsible for Plaintiff's continued retention at CSH. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978); *see Leer v. Murphy*, 884 F.3d 628, 644 (9th Cir. 1988) (when determining causation, court "must take a very individualized approach which accounts for duties, discretion, and means of each defendant."). Thus, Plaintiff fails to state a due process claim against Defendants Shafer and Themins.

### C. Equal Protection

Plaintiff alleges that Defendants are treating Plaintiff differently than other similarly situated patients, namely that all other similarly situated patients receive current diagnoses of dangerousness.

"The Equal Protection Clause of the Fourteenth Amendment provides that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyer v. Doe*, 457 U.S. 202, 216 (1982)). As stated above regarding due process, it is the responsibility of DMH and the independent professionals to determine whether Plaintiff should be committed. Defendants Shafer, Themins, and Jones do not appear to have responsibility for his commitment proceedings. Plaintiff alleges no facts which demonstrate that Defendants discriminated against Plaintiff in comparison to other similarly situated individuals, other than conclusory statements. Plaintiff thus fails to state a claim against Defendants.[2]

---

[2] Patients who have been committed as SVPs are entitled to periodic review as to whether they currently meet the definition of an SVP. Cal. Welf. & Inst. Code § 6605(a). Such review is not applicable to individuals such as Plaintiff, who had been referred for commitment evaluation only and not yet committed. The state cases cited by Plaintiff are unavailing. They do not pertain to individuals such as Plaintiff, those who were referred for commitment evaluation.

## IV. Conclusion and Recommendation

Plaintiff fails to state a claim against any Defendants. The Court does not find that Plaintiff will be able to amend his complaint to state a claim. Thus, further leave to amend will not be granted.

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed with prejudice for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 20, 2012**                         /s/ Dennis L. Beck
                                                    UNITED STATES MAGISTRATE JUDGE